UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NATHANIAL L. TINDEL, M.D., LLC, NATHANIAL L. TINDEL, M.D.,[1] individually, HARRISON T. MU, M.D., and KEVIN HEFFERNAN,

                    Plaintiffs,

v.

EXCELLUS BLUE CROSS BLUE SHIELD,[2]

                    Defendant.

5:22-cv-971 (BKS/MJK)

---

**Appearances:**

*For Plaintiffs:*
Roy W. Breitenbach
Harris Beach, PLLC
333 West Washington Street, Suite 200
Syracuse, NY 13202

Daniel S. Hallak
Harris Beach, PLLC
333 Earle Ovington Boulevard, Suite 901
Uniondale, NY 11553

*For Defendant:*
Gwendolyn C. Payton
Sean P. Murphy
Kilpatrick Townsend & Stockton LLP
1420 5th Avenue, Suite 3700
Seattle, WA 98101

Frederick L. Whitmer
Kilpatrick Townsend & Stockton LLP
1114 Avenue of the Americas, 21st Floor
New York, NY 10036

---

[1] The caption reflects the spelling of "Nathanial" in the caption of the notice of removal. (Dkt. No. 1).

[2] As previously stated in the Court's Memorandum-Decision and Order issued on May 9, 2023, (Dkt. No. 32, at 1 n.1), and its Memorandum-Decision and Order issued on September 16, 2024, (Dkt. No. 56, at 1 n.1), it appears that the correct name of this entity is Excellus BlueCross BlueShield, which is how the Court has referred to it in this decision.

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    BACKGROUND**

Plaintiffs Nathaniel L. Tindel, M.D., LLC, Nathaniel L. Tindel, M.D., individually, Harrison T. Mu, M.D., (together, the "Provider Plaintiffs"), and Kevin Heffernan filed this action against Defendant Excellus BlueCross Blue Shield, asserting claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and New York law. (Dkt. No. 12). Plaintiffs initially asserted seven causes of action, including: (1) enforcement of the terms of Heffernan's health plan (the "Plan") under ERISA, 29 U.S.C. § 1132(a)(1)(B); (2) declaratory and injunctive relief to remedy Defendant's "failure to provide a full and fair review, to disclose information relevant to appeals, and to comply with applicable claim procedure regulations" under ERISA, 29 U.S.C. § 1132(a)(3); (3) breach of the Plan; (4) breach of an implied-in-fact contract between Defendant and the Provider Plaintiffs; (5) unjust enrichment; (6) tortious interference with a contractual relationship between the Provider Plaintiffs and Heffernan; and (7) breach of contract of which the Provider Plaintiffs are the intended beneficiaries. (*Id.* ¶¶ 51–111; *see also* Dkt. No. 32, at 4–5).

Defendant filed a motion to dismiss: (1) the Provider Plaintiffs' claims under ERISA as barred by the Plan's anti-assignment provision and due to lack of standing, and (2) Plaintiffs' state-law claims as preempted by ERISA. (Dkt. No. 17-1). The Court granted Defendant's motion in part, ordering the dismissal of Plaintiffs' fifth, sixth, and seventh causes of action, but otherwise denied the motion. (Dkt. No. 32). Defendant filed for summary judgment on Plaintiffs' remaining claims, (Dkt. No. 39), and Plaintiffs cross-moved for summary judgment, (Dkt. No. 45). The Court granted in part and denied in part both motions, ordering Provider Plaintiffs'

2

claims under ERISA and for breach of implied-in-fact contract to be dismissed and ordering Heffernan's benefits claim to be remanded to Defendant for reconsideration. (Dkt. No. 56).

Presently before the Court is Plaintiffs' motion for costs and attorneys' fees pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 29 U.S.C. § 1132(g)(1). (Dkt. No. 58). Plaintiffs seek a total of $75,550.00 in attorneys' fees, (*id.*), an approximate five percentage reduction in the lodestar figure of $80,229.00, (*see* Dkt. No. 58-1, ¶ 2).[3] Plaintiffs filed a memorandum of law in support of their motion, (Dkt. No. 59), as well as a declaration from Attorney Roy Breitenbach, (Dkt. No. 58-1), and billing records, (Dkt. No. 58-2). Defendant filed a response in opposition. (Dkt. No. 60). For the reasons that follow, Plaintiffs' motion for attorneys' fees and costs is granted in part and denied in part.

## II.    DISCUSSION

### A.    Entitlement to Fees and Costs

#### 1.    Attorneys' Fees and Costs Under 29 U.S.C. § 1132(g)(1)

Aside from in certain situations not relevant here, *see* 29 U.S.C. § 1132(g)(2), in an action brought "by a participant, beneficiary, or fiduciary" under ERISA, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party," *id.* § 1132(g)(1). To be eligible for a fee award, a party must have "achieved 'some degree of success on the merits.'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)); *see also Toussaint v. JJ Weiser, Inc.*, 648 F.3d 108, 110 (2d Cir. 2011) ("[A] district court must begin its § 1132(g)(1) analysis by determining whether a party has achieved 'some degree of success on the merits,' but it is not required to award fees simply because this pre-condition has been met."). Additionally, while

---

[3] Plaintiffs do not explicitly state the costs that they request, but this amount appears to be $1,503.78. (*See* Dkt. No. 58-2, at 19).

3

"whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion," courts may also consider five other factors, which in the Second Circuit are called the "*Chambless* factors," in evaluating whether to grant a fee award. *Donachie v. Liberty Life. Assur. Co. of Boston*, 745 F.3d 41, 46 (2d Cir. 2014) (citations omitted). These factors are as follows:

> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Id.* (quoting *Hardt*, 560 U.S. at 249 n.1). "A party seeking an award of attorneys' fees 'need not establish all five [factors] and no one factor is dispositive.'" *Trs. of Sheet Metal Workers Int'l Ass'n Local No. 38 Vacation Fund v. Hopwood*, No. 9-cv-5088, 2013 WL 12445038, at *5, 2013 U.S. Dist. LEXIS 207908, at *13 (S.D.N.Y. May 30, 2013) (citation omitted).

Finally, "Congress intended [ERISA's fee shifting] provision to encourage beneficiaries to enforce their statutory rights." *Jarosz v. Am. Axle & Mfg., Inc.*, 372 F. Supp. 3d 163, 186 (W.D.N.Y. 2019) (citing *Donachie*, 745 F.3d at 45–46). "Thus, awarding a prevailing party attorney's fees and costs is appropriate unless there is good reason not to." *Id.* (citing *Donachie*, 745 F.3d at 47).

### 2. Degree of Success

Plaintiffs argue that the circumstances of this case are comparable to those in *Hardt*, in which the Supreme Court upheld an award of attorneys' fees to a plaintiff whose benefits claim was remanded to the defendant, and thus that Plaintiffs are "entitled to reasonable attorneys' fees" here as well. (Dkt. No. 59, at 5–6). Defendant argues in response that Plaintiffs have only

4

achieved a "purely procedural victory" and that, unlike in *Hardt*, the Court's remand order here does not constitute "some degree of success on the merits." (Dkt. No. 60, at 2–4).

In *Hardt*, the District Court had found that the defendant had failed to provide "the kind of review to which [the plaintiff] was entitled under applicable law." 560 U.S. at 255. The District Court also had commented on the strength of the plaintiff's claim, explaining that while "it was 'inclined to rule in [the plaintiff's] favor,'" it "declined to do so before 'first giving [the defendant] the chance to address the deficiencies in its' statutorily mandated 'full and fair review' of that claim." *Id.* at 256. Additionally, "[a]fter [the defendant] conducted that court-ordered review, and consistent with the District Court's appraisal, [the defendant] reversed its decision and awarded [the plaintiff] the benefits she sought." *Id.* In considering these facts, the Supreme Court stated that the plaintiff had "achieved 'some success on the merits,'" such that an award of attorneys' fees was appropriate, but declined to decide "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." *Id.*

Defendant argues that because on summary judgment, the Court stated that "there is evidence in the administrative record that could support a finding that Heffernan did not receive Emergency Services on August 20 and August 21, 2019," the "decision to remand was for 'purely procedural' reasons." (Dkt. No. 60, at 2). Defendant asserts that the Court was providing a view "that Excellus was likely able to resolve this case on remand by providing an explanation, proving that there was no underlying ERISA violation." (*Id.* at 3). Thus, according to Defendant, "[t]his case is nothing like the situation in *Hardt*," in which the District Court specifically noted the "compelling evidence" that the plaintiff was entitled to the requested benefits. (*Id.* ("The

5

Court's summary judgment order instead suggests that it expects that Excellus's reconsideration of the underlying claim with an adequate explanation will result in . . . a denial of benefits.").

This argument relies on an overreading of the Court's decision. In explaining the presence of evidence supporting a denial of benefits, this Court was directly addressing the reason why remand was the appropriate remedy, not providing its assessment of the underlying claim. *See Nathanial L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 22-cv-971, 2024 WL 4198368, at *13, 2024 U.S. Dist. LEXIS 166684, at *36 (N.D.N.Y. Sept. 16, 2024) ("The Second Circuit has stated that remand for reconsideration is the typical remedy for an abuse of discretion, unless the Court 'conclude[s] that there is no possible evidence that could support a denial of benefits.'" (quoting *Miles v. Principal Life Ins. Co.*, 720 F.3d 472, 490 (2d Cir. 2013))). Finding Defendant's denial of benefits to be insufficiently explained, the Court did *not* make a determination as to whether there was enough evidence to support Defendant's denial of benefits. *See id.* 2024 WL 4198368, at *12–13, 2024 U.S. Dist. LEXIS 166684, at *33–35. Therefore in contrast with Defendant's reading, the Court does not assume that "the benefits at-issue will be denied again" on remand, (Dkt. No. 60, at 4); rather, remand represents a "renewed opportunity to obtain benefits or compensation," *Fisher v. Aetna Life Ins. Co.*, No. 16-cv-144, 2020 WL 5898788, at *6, 2020 U.S. Dist. LEXIS 184024, at *17 (S.D.N.Y. Oct. 5, 2020) (quoting *Gross v. Sun Life Assur. Co. of Can.*, 763 F.3d 73, 78 (1st Cir. 2014)).

Moreover, "[c]ourts in the Second Circuit have awarded fees to prevailing plaintiffs in ERISA actions based solely on achieving a remand for further consideration by the administrative body." *Dimopoulou v. First Unum Life Ins. Co.*, No. 13-cv-7159, 2017 WL 464430, at *1, 2017 U.S. Dist. LEXIS 15944, at *3 (S.D.N.Y. Feb. 3, 2017) (collecting cases); *see also Dwinnell v. Fed. Express Long Term Disability Plan*, No. 14-cv-1439, 2017 WL

6

1371254, at *1, 2017 U.S. Dist. LEXIS 57828, at *4 (D. Conn. Apr. 4, 2017) (explaining that while "the Second Circuit [has not] decided this question," "[m]any other courts, however, have found 'remand simpliciter' to constitute 'some success on the merits'" (citation omitted)).

Here, the Court ordered remand after finding that Defendant had failed to explain its reasoning regarding its assessment of whether Heffernan received emergency services and remanded so that Defendant's claim could be reconsidered. *See Nathanial L. Tindel, M.D., LLC*, 2024 WL 4198368, at *13, 2024 U.S. Dist. LEXIS 166684, at *35–36. This is enough to demonstrate Heffernan "achieved 'some success on the merits.'" *Hardt*, 560 U.S. at 256; *see Schuman v. Aetna Life Ins. Co.*, No. 15-cv-1006, 2017 WL 2662191, at *4, 2017 U.S. Dist. LEXIS 94557, at *11 (D. Conn. June 20, 2017) ("By securing a remand after the defendants denied him benefits, [the plaintiff] achieved a result that was more favorable to him—and less favorable to the defendants—than the status quo. In my view, that 'partial[ ]' degree of success on the merits is enough to render [the plaintiff] eligible for attorneys' fees under ERISA." (quoting *Hardt*, 560 U.S. at 254)).

### 3. *Chambless* Factors

Plaintiffs contend that "at least four of the five [*Chambless*] factors favor an award of attorneys' fees." (Dkt. No. 59, at 8–11). Defendant responds that "these factors weigh in [their] favor or are neutral," and thus support a denial of attorneys' fees. (Dkt. No. 60, at 4–7). The Court examines each factor in turn.

The first factor, degree of culpability, favors Plaintiffs. "With respect to the first factor . . . the Second Circuit has clarified that a showing of bad faith is not required and that a finding that the administrator's review of the claim was arbitrary and capricious is sufficiently culpable to weigh in favor of granting attorney's fees." *Valentine v. Aetna Life Ins. Co.*, No. 14-cv-1752, 2016 WL 4544036, at *5, 2016 U.S. Dist. LEXIS 117363, at *16 (E.D.N.Y. Aug. 31, 2016)

7

(collecting cases). On summary judgment, the Court found Defendant's determination of Heffernan's claim "was an abuse of discretion," or, in other words, that it was arbitrary and capricious. *Nathanial L. Tindel, M.D., LLC*, 2024 WL 4198368, at *11–13, 2024 U.S. Dist. LEXIS 166684, at *30–35. Accordingly, Defendant "acted culpably." *Fisher*, 2020 WL 5898788, at *7, 2020 U.S. Dist. LEXIS 184024, at *19.

The second factor, ability to pay, does not favor Plaintiffs or Defendant. Both sides agree that Defendant has the ability to pay a fee award. (*See* Dkt. No. 59, at 8–9; Dkt. No. 60, at 5). Defendant is correct, however, that "it is only a party's inability to pay an award that weighs in its favor while its ability to pay is generally neutral in effect." (Dkt. No. 60, at 5 (quoting *Empire State Carpenters Welfare v. Conway Constr. of Ithaca, Inc.*, 366 F. Supp. 3d 371, 377 (E.D.N.Y. 2019))).

The third factor, deterrence, favors Plaintiffs. As discussed, the Court found that Defendant abused its discretion. "[D]eterring plan administrators from arbitrarily and capriciously denying claims in the future" is "a laudatory goal" that "is enough to tip this factor in [Plaintiffs'] favor." *Fisher*, 2020 WL 5898788, at *8, 2020 U.S. Dist. LEXIS 184024, at *21 (collecting cases); *see also Demonchaux v. Unitedhealthcare Oxford*, No. 10-cv-4491, 2014 WL 1273772, at *5, 2014 U.S. Dist. LEXIS 43954, at *12–13 (S.D.N.Y. Mar. 27, 2014) (finding that "an award of attorney's fees would serve to deter administrators from making arbitrary and capricious benefits denials").

The fourth factor, the existence of a common benefit or significant legal question, favors Defendant. Plaintiffs do not argue that either exists here. (*See* Dkt. No. 59, at 10 n.2). While this factor favors Defendant, Plaintiffs correctly note that "the absence of [the common benefit] factor does not preclude an award of attorneys' fees." (Dkt. No. 59, at 10 n.2 (citing *Locher v.*

8

*Unum Life Ins. Co. of Am.*, 389 F.3d 288, 299 (2d Cir. 2004))); *see also Benjamin v. Oxford Health Ins., Inc.*, 355 F. Supp. 3d 131, 141 (D. Conn. 2019) (explaining that while the plaintiff has conceded that her action has no common benefit, "this factor favors Defendant, but it carries little weight in the Court's analysis" (citation omitted)).

The fifth factor, the relative merits of the parties' positions, again favors Plaintiffs. Plaintiffs were correct that Defendant's denial of benefits was not properly explained. *See Nathanial L. Tindel, M.D., LLC*, 2024 WL 4198368, at *12–13, 2024 U.S. Dist. LEXIS 166684, at *33–35. As discussed, the Court's statement that there is evidence supporting Defendant's position does not express a view on the ultimate merits, and thus does not detract from Plaintiff's successful argument. This factor therefore also supports a fee award. *See, e.g.*, *Valentine*, 2016 WL 4544036, at *6, 2016 U.S. Dist. LEXIS 117363, at *18 ("[B]y concluding that the administrator's denial of benefits was arbitrary and capricious because of the failure to address substantial evidence, the Court recognized that plaintiff's position was the meritorious position on the issue of remand." (citation omitted)); *Demonchaux*, 2014 WL 1273772, at *5, 2014 U.S. Dist. LEXIS 43954, at *13–14 ("Defendant's denial of Plaintiff's claim was arbitrary and capricious, 'forcing her to bring the present lawsuit; the relative merits of the parties' position is thus in little doubt.'" (citation omitted)).

Weighing the relevant factors, the Court finds that an award of attorneys' fees and costs is appropriate in this instance. *See Demonchaux*, 2014 WL 1273772, at *5, 2014 U.S. Dist. LEXIS 43954, at *14 ("Here, where the degree of culpability, deterrence, and relative merits factors favor Plaintiff, the ability to pay factor is neutral, and the common benefit factor favors Defendant, the Court finds that Plaintiff is entitled to an award of attorney's fees and costs."); *Benjamin*, 355 F. Supp. 3d at 141 ("The Court has now confirmed that Plaintiff has achieved

9

'some degree of success of the merits' and that three of the five *Chambless* factors also support awarding attorney's fees to Plaintiff. Accordingly, Plaintiff has shown that she should be entitled to attorney's fees.").

      **B.**      **Reasonable Fees**

District courts have "considerable discretion in determining what constitutes reasonable attorney's fees in a given case," *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008), and courts in the Second Circuit generally use the lodestar, or "presumptively reasonable fee," approach to calculate reasonable attorneys' fees, *see Lilly v. City of New York*, 934 F.3d 222, 229 (2d Cir. 2019). This approach requires a district court to set "a reasonable hourly rate, taking account of all case-specific variables," and determine "the appropriate billable hours expended." *Id.* at 230 (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 189–90 (2d Cir. 2008)); *see also Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992) ("Under this approach, the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate for attorneys and paraprofessionals."). "The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 289–90 (2d Cir. 2011) (citation and internal quotation marks omitted). "[T]he district court . . . bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184.

### 1.     **Reasonable Hourly Rates**

Plaintiff requests that Attorney Breitenbach and Attorney Daniel Hallak be compensated at $640 per hour and $525 per hour, respectively. (Dkt. No. 59, at 12). Defendant does not contest that these hourly rates are reasonable. (*See generally* Dkt. No. 60). The Supreme Court has explained that district courts should generally use "the prevailing market rates in the relevant community" in determining the reasonable hourly rate. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Second Circuit has interpreted the "community" to mean "the district where the district court sits." *See Arbor Hill*, 522 F.3d at 190 (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)); *see also Grant v. Syracuse*, 357 F. Supp. 3d 180, 200 (N.D.N.Y. 2019) (citation omitted). A review of cases in this District indicates that an hourly rate range of $250–$350 per hour for partners is reasonable.[4] Additionally, "[o]nce the typical hourly rate is established, the court should 'bear in mind *all* of the case-specific variables that . . . courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate,'" *Grant*, 605 F. Supp. 3d at 405 (quoting *Arbor Hill*, 522 F.3d at 190), including:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill level required by the case; (4) the preclusion of employment with other clients due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the extent of involvement in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Arbor Hill*, 522 F.3d at 186 n.3).

---

[4] *See Sadowski v. Urbanspotlite LLC*, No. 22-cv-887, 2023 WL 2838376, at *6, 2023 U.S. Dist. LEXIS 61259, at *15 (N.D.N.Y. Apr. 7, 2023); *see also Grant v. Lockett*, 605 F. Supp. 3d 399, 404 (N.D.N.Y. 2022).

11

Attorney Breitenbach is a partner at Harris Beach PLLC. (Dkt. No. 59, at 12). He graduated from law school in 1991 and was admitted to the New York State Bar in 1992. (Dkt. No. 58-1, ¶¶ 5–6). After practicing at two other firms, he "moved to Harris Beach in 2021 to head their Healthcare Industry Team." (*Id.* ¶ 7). "Virtually[] all . . . of [his] practice since graduating law school has involved litigation, with a focus on healthcare litigation." (*Id.* ¶ 8). He has "acted as lead counsel in over 20 federal trails [sic] that have resulted in a decision or verdict," and he has "argued multiple appeals at the Second Circuit." (*Id.* ¶¶ 9–10).

Attorney Hallak is a senior counsel at Harris Beach. (Dkt. No. 59, at 12). He was admitted to the New Your State Bar in 2011. (Dkt. No. 58-1, ¶ 11). "From 2013 through 2018, [Attorney] Hallak was employed as an Assistant Attorney General for the State of New York," during which time, "he handled a variety of federal and state matters for the various agencies of New York State and assisted the Medicaid Fraud Unit in investigations and litigation," after which he "went to work for a smaller New York based civil litigation law firm before coming to [Harris Beach] in 2021." (*Id.* ¶ 12). He "has been the lead attorney on well over 50 civil litigation matters in the Supreme Courts in various counties of New York and the Eastern, Southern, Western, and Northern Districts of New York." (*Id.* ¶ 13).

As indicated by the typical range for partners discussed above, the requested fees are substantially higher than what experienced attorneys have been awarded in other cases in this district. Considering all of the relevant factors, with emphasis on the experience of the attorneys, the Court finds that the appropriate rate for Attorney Breitenbach is $350 per hour and the appropriate rate for Attorney Hallak is $275 per hour.[5]

---

[5] Given Attorney Hallak's admission to the New York State Bar in 2011 and his senior counsel role, the Court considers his experience to be equivalent to that of a partner. *See Tassone v. County of Onondaga*, No. 94-cv-173, 1996 WL 307436, at *2, 1996 U.S. Dist. ELXIS 7767, at *4–6 (N.D.N.Y. May 31, 1996) (finding that "senior deputy

### 2. Reasonable Hours

Plaintiffs' counsel seeks compensation for 144.8 hours of billable time, consisting of 36.6 hours for Attorney Breitenbach and 108.2 hours[6] for Attorney Hallak. (*See* Dkt. No. 58-2, at 20; Dkt. No. 59, at 13).[7] Plaintiffs have requested fees equivalent to an approximate five-percent reduction in the lodestar figure. (Dkt. No. 58-1, ¶ 2). Defendants do not object to the reasonableness of the hours expended. (*See generally* Dkt. No. 60).

In *Hensley v. Eckerhart*, the Supreme Court emphasized that when calculating what constitutes reasonable attorneys' fees, "the most critical factor is the degree of success obtained." 461 U.S. 424, 436 (1983).[8] When a plaintiff succeeds on only some of his claims for relief, the Court considers two factors. First, whether "the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* at 434. And second, whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* The Supreme Court has recognized that in some cases "the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories." *Id.* at 435. In such cases where "[m]uch of counsel's time [is] devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in

---

county attorney" with approximately sixteen years of experience to have the "degree of skill and experience equivalent to that of a partner in a private firm in this area").

[6] Plaintiffs' counsel's declaration and memorandum of law in support of its fees request state Attorney Hallak performed 208.1 hours of billable time on this matter, (Dkt. No. 58-1, ¶ 2; Dkt. No. 59, at 13), but the billing records indicate that he only performed 108.2 hours, (*see* Dkt. No. 58-2, at 20).

[7] Plaintiffs' counsel does not seek to recover for the time of Attorney Hannah Levine, who spent 4.2 hours on the litigation. (Dkt. No. 58-1, ¶ 4; *see also* Dkt. No. 58-2, at 20).

[8] "'Though *Hensley* deals with attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, courts have applied the same standards when determining the reasonableness of fees sought pursuant to' ERISA." *Finkel v. Zizza Assocs. Corp.*, No. 12-cv-4108, 2023 WL 8455937, at *10 n.15, 2023 U.S. Dist. LEXIS 217242, at *32 n.15 (E.D.N.Y. Dec. 6, 2023) (citation omitted).

13

relation to the hours reasonably expended on the litigation." *Id.* Additionally, "[c]ourts in this Circuit have recognized a district court's authority to make across-the-board percentage cuts in hours, as opposed to an item-by-item approach, to arrive at the reasonable hours expended." *United States ex rel. Nichols v. Comput. Scis. Corp.*, 499 F. Supp. 3d 32, 41 (S.D.N.Y. 2020) (citation omitted).

As discussed, Plaintiff's complaint pleaded seven causes of action. (*See* Dkt. No. 12, ¶¶ 51–111). After Defendant filed a motion to dismiss, three causes of action were dismissed. *Nathaniel L. Tindel, M.D., LLC v. Excellus Blue Cross Blue Shield*, No. 22-cv-971, 2023 WL 3318489, at *8, 2023 U.S. Dist. LEXIS 80576, at *23 (N.D.N.Y. May 9, 2023). At the summary judgment stage, the Court ordered that Heffernan's benefits claim be remanded for Defendant's reconsideration, but dismissed the Plaintiff Providers' ERISA claims and the remaining state law claim. *Nathanial L. Tindel, M.D., LLC*, 2024 WL 4198368, at *14, 2024 U.S. Dist. LEXIS 166684, at *39. However, Plaintiffs request compensation for essentially all parts of the litigation. (*See generally* Dkt. No. 58-2). For example, Plaintiffs seek to recover for time they billed relating to their motion to dismiss. (*See* Dkt. No. 58-1, ¶ 16; *see, e.g.*, Dkt. No. 58-2, at 4 (entry at 11/08/22 stating: "[r]eview issues with D. Hallak regarding motion to dismiss opposition and related strategy issues"), 6 (entry at 12/08/22 stating: "[r]eview and edit papers opposing motion to dismiss.")). But the claim on which they achieved some degree of success, Heffernan's challenge to the adequacy of the explanation of his denial of benefits under ERISA, was not at issue on that motion. (*See generally* Dkt. No. 17-1 (arguing that the Court should dismiss Provider Plaintiffs' claims and the state law claims)).

Considering whether the claim on which Plaintiffs had some degree of success is interrelated with the claims on which Plaintiffs had no success, the Court finds that all seven

14

claims share a common core of facts regarding Defendant's denial of Heffernan's benefits claim and the surrounding circumstances. (*See generally* Dkt. No. 12, ¶¶ 51–111). The Court will therefore not attempt to parse Plaintiffs' counsel's time on a claim-by-claim basis.

Focusing on the overall relief obtained, however, the Court finds that Plaintiffs' "limited success in this case merits a significant reduction in the fees that [they] can recover." *Fisher*, 2020 WL 5898788, at *10, 2020 U.S. Dist. LEXIS 184024, at *28 (citing varying fee reductions for limited success in other ERISA cases ranging from 20 to 75 percent). In this instance, the Court finds that a 50 percent reduction in the hours spent is appropriate here to account for Plaintiff's overall degree of success. *See Schuman*, 2017 WL 2662191, at *9–10, 2017 U.S. Dist. LEXIS 94557, at *24–27 ("I conclude that [the defendant's] proposed 75 percent reduction in hours adequately—even generously— captures the proportion of work that [the plaintiff's] attorneys spent on his successful claim."). The Court will therefore allow Plaintiffs to recover for 18.3 hours of Attorney Breitenbach's time and 54.1 hours of Attorney Hallak's time.

### C. Costs

As discussed, the Court has found Plaintiffs are entitled to costs, in addition to attorneys' fees, under 29 U.S.C. § 1132(g)(1). Plaintiffs' records reflect costs equal to $1,503.78. (*See* Dkt. No. 58-2, at 19).

### D. Final Calculation

In sum, after carefully considering all the relevant factors and adjusting the requested rates and the requested hours as discussed above, the Court finds Plaintiffs are entitled to attorneys' fees and costs in the total amount of $22,786.28, as itemized below:

Table 1: **Attorneys' Fees and Costs**

| Attorney | Adjusted Rate | Adjusted Hours | Total Fees |
|---|---|---|---|
| Attorney Breitenbach (Partner) | $350 | 18.3 | $6,405 |
| Daniel Hallak (Senior Counsel) | $275.00 | 54.1 | $14,877.5 |
| **Subtotal** | — | — | $21,282.5 |
| **Costs** | — | — | $1,503.78 |
| **Final Award** | — | — | $22,786.28 |

### III.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for attorneys' fees and costs, (Dkt. No. 58) is

**GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiffs are awarded $22,786.28 in attorneys' fees and costs.

**IT IS SO ORDERED.**

Dated:   April 16, 2025
         Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge